UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEROME T. DUNBAR | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | 3:07-cv-1472 (CFD) |
| | : | |
| BRUCE BONNER, HERMAN BADGER, | : | |
| AND JAMES NACCARATO | : | |
|     Defendants. | : | |

**RULING ON MOTION TO DISMISS**

Plaintiff Jerome Dunbar brought this action pro se alleging several constitutional violations pursuant to 42 U.S.C. § 1983, intentional infliction of emotional distress, and negligent infliction of emotional distress, after he was arrested by New Haven police officers for larceny. The defendants, New Haven police officers Bruce Bonner, James Naccarato, and Captain Herman Badger, move to dismiss. Because the plaintiff's claims are time-barred, the motion to dismiss is granted.

I.    Background

Dunbar alleges the following facts. On July 16, 2003, Officers Bonner and Naccarato stopped him when they suspected that the black 1990 BMW he was driving was stolen. Dunbar said it was not stolen, showed the officers the car's registration and insurance information, and explained that Marilyn St. Louis has purchased the vehicle from Evan Tinder on July 3, 2003 and insured it on July 5, 2003. The officers handcuffed Mr. Dunbar and placed him in the back of their squad car. While Dunbar was in the squad car, Officer Bonner confirmed that the registration was in Ms. St. Louis' name, but also noted that a radio check had indicated the license plate was registered to a Dodge Caravan. The police officers arrested and charged Mr.

Dunbar with larceny and operating a motor vehicle with a revoked driver's license. The criminal charges were dismissed on September 28, 2004.

Although Mr. Dunbar admits the police officers had probable cause to stop him based on a stolen auto report that matched the vehicle,[1] he insists that Officers Bonner and Naccarato arrested him for larceny without probable cause. Dunbar argues that after the police confirmed the registration number, there could have been no reason for them to suspect that he had stolen the vehicle. He further alleges that Captain Badger is liable for "supervisory misconduct" because he "condoned" the officers' unlawful arrest.

Dunbar filed a complaint on September 28, 2007.[2] Read liberally, the plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment and for violation of his rights to Due Process, Equal Protection, privacy, and Privileges and Immunities under the Fifth and Fourteenth Amendments. Mr. Dunbar also claims the defendants are liable under Connecticut law for intentional infliction of emotional distress and negligent infliction of emotional distress.

II.     Motion to Dismiss Standard

When considering a motion to dismiss under 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83,

---

[1]The car's owner, Evan Tinder, had reported it stolen to Officer Bonner on July 3, 2003.

[2]He amended his complaint on February 26, 2008.

87 (2d Cir. 2002). Dismissal is warranted only if, under any set of facts the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232, 94 S.Ct. 1683). Thus, a motion to dismiss under 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (citations and internal quotations omitted). In its review of a 12(b)(6) motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). Further, where a "complaint was filed pro se, we construe it broadly and interpret it to raise the strongest arguments it suggests." Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004).

III.   The Defendants' Motion

    A.   Section 1983 Claims are Time-Barred

Plaintiff brings his claims for false arrest, Equal Protection, Due Process, privacy, Privileges and Immunities, and supervisory misconduct pursuant to 42 U.S.C. § 1983. "Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations." Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462 (1975)). The

Supreme Court has held that the forum state's statute of limitations for personal injury actions should apply to all Section 1983 actions. Id. In Connecticut, that statute provides a three year limitations period from the date of the "act or omission complained of." Conn. Gen. Stat. § 52-577.

In Wallace v. Kato, the Supreme Court clarified when the limitations period begins to run in a Section 1983 claim for false imprisonment. 549 U.S. 384 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action[,] that is, when the plaintiff can file suit and obtain relief[.]" Id. at 388 (internal quotations and citations omitted). "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process–when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389; see also Roberts v. Babkiewicz, 2008 WL 2609803 at *2 (D. Conn. 2008) (AWT) (holding that the plaintiff's Section 1983 false arrest claim was time barred, and that his cause of action accrued on the date of his arrest). "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim." Id. at 390 (internal quotations and citations omitted). The Court in Wallace rejected the petitioner's contention that his false imprisonment claim began to run when he was released from custody and the State dropped the charges against him. Id.

Dunbar was arrested on July 16, 2003. Even if the Court were to find that Mr. Dunbar was arrested without probable cause, which is doubtful, his cause of action accrued on the date of his arrest, or whenever he was arraigned, which presumably was not long after the arrest. The

three-year statute of limitations began to run at that time, and therefore expired on or about July 16, 2006, well before the plaintiff filed his complaint on September 28, 2007. See Roberts, 2008 WL 2609803, at * 2 (citing Wallace, 127 S.Ct. 1091, 1100); Andrews v. City of Hartford, 2007 WL 2128498, at *1 (D. Conn. 2007) (VLB); Dorris v. City of New Haven, 2006 WL 2474916, at * 4 (D. Conn. 2006) (RNC). The Supreme Court's decision in Heck v. Humphrey and the Second Circuit's decision in Woods v. Candela are not to the contrary, as they concerned "a § 1983 cause of action for damages attributable to an *unconstitutional conviction or sentence*" as opposed to false arrest. See Woods v. Candela, 47 F.3d 545, 546 (2d Cir. 1995) (quoting Heck v. Humphrey, 512 U.S. 477 (1994) (emphasis added)). The plaintiff's claim for false arrest is time-barred. The balance of the plaintiff's claims under Section 1983–for Equal Protection, Due Process, privacy, Privileges and Immunities, and supervisory misconduct–are also dismissed as time-barred.

    B.    <u>Emotional Distress Claims are Time-Barred</u>

Connecticut law provides for a two-year statute of limitations for a claim of negligent infliction of emotional distress, see Conn. Gen. Stat. § 52-584,[3] and a three-year statute of limitations for a claim of intentional infliction of emotional distress, see Conn. Gen. Stat. § 52-577.[4] Dunbar's claims for emotional distress are time-barred because they were filed on

---

[3]"No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." Conn. Gen. Stat. § 52-584.

[4]"No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. § 52-577.

September 28, 2007, more than four years from the date he was arrested.  See Spencer v. State of Connecticut, 2008 WL 2444551, *8 (D. Conn. 2008) (DJS).

IV.     Conclusion

For the reasons set forth above, the defendants' motion to dismiss [Dkt. # 15] is GRANTED.  The Clerk is directed to close this case.

SO ORDERED this   20th   day of February 2009, at Hartford, Connecticut.

                                  /s/ Christopher F. Droney  
                                  **CHRISTOPHER F. DRONEY**  
                                  **UNITED STATES DISTRICT JUDGE**